Roxanna Tabatabaeepour (SBN 260187)
Roxanna.Taba@capstonelawyers.com
Ryan Tish (SBN 274284)
Ryan.Tish@capstonelawyers.com
Alexander Wallin (SBN 320420)
Alexander.Wallin@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:    (310) 556-4811
Facsimile:    (310) 943-0396

Attorneys for Plaintiff Jose Villanueva

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VILLANUEVA, individually, and on behalf of other members of the general public similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act ("PAGA"),<br><br>Plaintiff,<br><br>vs.<br><br>TVI, INC., a Washington corporation; SAVERS RECYCLING, INC., a Washington corporation; SAVERS VALUE VILLAGE, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 5:24-cv-01649-BLF<br>Assigned to: Hon. Beth Labson Freeman<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT & ENFORCEMENT ACTION UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698, *ET SEQ.***<br><br>(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);<br>(2) Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198 (Unpaid Minimum Wages);<br>(3) Violation of California Labor Code §§ 226.7, 516, and 1198 (Failure to Authorize and Permit Rest Periods);<br>(4) Violation of California Labor Code §§ 226(a), 1174(d), and 1198 (Non-Compliant Wage Statements and Failure to Maintain Payroll Records);<br>(5) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination);<br>(6) Violation of California Labor Code § 204 (Failure to Timely Pay Wages During Employment);<br>(7) Violation of California Labor Code § 2802 (Unreimbursed Business Expenses);<br>(8) Civil Penalties for Violations of California Labor Code, Pursuant to PAGA, §§ 2698, *et seq.*<br>(9) Violation of California Business & Professions Code §§ 17200, *et seq.* (Unlawful Business Practices); and |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(10)   Violation of California Business & Professions Code §§ 17200, *et seq.* (Unfair Business Practices)

**Jury Trial Demanded**

Plaintiff Jose Villanueva, individually and on behalf of all other members of the public similarly situated, and as an aggrieved employee and on behalf of all aggrieved employees, alleges as follows:

## JURISDICTION AND VENUE

1.     This class action is brought pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover wages and all other available relief on behalf of Plaintiff and all similarly situated current and former non-exempt, hourly paid employees of Defendants, and a non-class representative enforcement action brought pursuant to the Labor Code Private Attorneys General Act of 2004, California Labor Code sections 2698, *et seq.* ("PAGA") to recover civil penalties and any other available relief on behalf of Plaintiff, the State of California, and other current and former employees who worked for Defendants in California as non-exempt, hourly paid employees and received at least one wage statement and against whom one or more violations of any provision in Division 2 Part 2 Chapter 1 of the Labor Code or any provision regulating hours and days of work in the applicable Industrial Welfare Commission ("IWC") Wage Order were committed, as set forth in this complaint.

2.     This Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1332(d) and based on 28 U.S.C. §§ 1441, 1446.

3.     Venue is proper in this Court, because this case was originally filed in the Superior Court of California for the County of Santa Clara.  Venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1391(b), and 1441(a).

4.     The PAGA statute authorizes aggrieved employees to sue directly as the proxy of the State of California for civil penalties for violations of various provisions in the California Labor Code.

## THE PARTIES

5.     Plaintiff Jose Villanueva is a resident of Redwood City, in San Mateo County, California.  Defendants employed Plaintiff as an hourly paid, non-exempt CDC Ambassador and Team Member from approximately March 2023 to May 2023.  During his employment,

1   Plaintiff typically worked eight (8) hours or more per day and five (5) days per week.

2   Plaintiff's primary job duties included, without limitation, sweeping the premises for debris

3   and garbage, assisting customers with unloading donations onto carts, rolling carts to the

4   warehouse, and moving large dumpsters.

5         6.    TVI, INC. was and is, upon information and belief, a Washington corporation,

6   and at all times hereinafter mentioned, an employer whose employees are engaged throughout

7   this county and the State of California.

8         7.    SAVERS RECYCLING, INC. was and is, upon information and belief, a

9   Washington corporation, and at all times hereinafter mentioned, an employer whose

10   employees are engaged throughout this county and the State of California.

11         8.    SAVERS VALUE VILLAGE, INC. was and is, upon information and belief, a

12   Delaware corporation, and at all times hereinafter mentioned, an employer whose employees

13   are engaged throughout this county and the State of California.

14         9.    Plaintiff is unaware of the true names or capacities of the Defendants sued

15   herein under the fictitious names DOES 1 through 10, but will seek leave of this Court to

16   amend the complaint and serve such fictitiously named Defendants once their names and

17   capacities become known.

18         10.    Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10

19   were the partners, agents, owners, or managers of TVI, INC.; SAVERS RECYCLING, INC.;

20   and SAVERS VALUE VILLAGE, INC. at all relevant times.

21         11.    Plaintiff is informed and believes, and thereon alleges, that each and all of the

22   acts and omissions alleged herein was performed by, or is attributable to, TVI, INC.;

23   SAVERS RECYCLING, INC.; SAVERS VALUE VILLAGE, INC.; and/or DOES 1 through

24   10 (collectively, "Defendants" or "SAVERS"), each acting as the agent, employee, alter ego,

25   and/or joint venturer of, or working in concert with, each of the other co-Defendants and was

26   acting within the course and scope of such agency, employment, joint venture, or concerted

27   activity with legal authority to act on the others' behalf.  The acts of any and all Defendants

28   were in accordance with, and represent, the official policy of Defendants.

12.     At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

13.     Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

14.     Under California law, Defendants are jointly and severally liable as employers for the violations alleged herein because they have each exercised sufficient control over the wages, hours, working conditions, and employment status of Plaintiff and class members. Each Defendant had the power to hire and fire Plaintiff and class members, supervised and controlled their work schedule and/or conditions of employment, determined their rate of pay, and maintained their employment records.  Defendants suffered or permitted Plaintiff and class members to work and/or "engaged" Plaintiff and class members so as to create a common-law employment relationship.  As joint employers of Plaintiff and class members, Defendants are jointly and severally liable for the civil penalties and all other relief available to Plaintiff and class members under the law.

15.     Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendants, and each of them, have acted as joint employers with respect to Plaintiff and class members because Defendants have:

(a)     jointly exercised meaningful control over the work performed by Plaintiff and class members;

(b)     jointly exercised meaningful control over Plaintiff's and class members' wages, hours, and working conditions, including the quantity, quality standards, speed, scheduling, and operative details of the tasks performed by Plaintiff and class members;

(c)     jointly required that Plaintiff and class members perform work which is an integral part of Defendants' businesses; and

(d) jointly exercised control over Plaintiff and class members as a matter of economic reality in that Plaintiff and class members were dependent on Defendants, who shared the power to set the wages of Plaintiff and class members and determined their working conditions, and who jointly reaped the benefits from the underpayment of their wages and noncompliance with other statutory provisions governing their employment.

16. Plaintiff is informed and believes, and thereon alleges, that at all relevant times there has existed a unity of interest and ownership between Defendants such that any individuality and separateness between the entities has ceased.

17. TVI, INC.; SAVERS RECYCLING, INC.; SAVERS VALUE VILLAGE, INC.; and DOES 1 through 10 are therefore alter egos of each other.

18. Adherence to the fiction of the separate existence of Defendants would permit an abuse of the corporate privilege, and would promote injustice by protecting Defendants from liability for the wrongful acts committed by them under the name SAVERS.

19. Plaintiff further alleges, upon information and belief, that Defendants TVI, INC.; SAVERS RECYCLING, INC.; and SAVERS VALUE VILLAGE, INC. are alter egos of each other for the following reasons:

(a) According to SAVERS VALUE VILLAGE, INC.'s SEC Form S-1 filing[1], TVI, INC. is a subsidiary of SAVERS VALUE VILLAGE, INC.;

(b) On the California Secretary of State's website (https://bizfileonline.sos.ca.gov/), TVI, INC. and SAVERS RECYCLING, INC. share the same principal and mailing address, "11400 SE 6TH STREET, SUITE 125, BELLEVUE, WA 98004," which is also the address of principal executive offices of the parent

---

[1] S-1/A Securities Registration Statement 02/07/2022, "Savers Value Village - Financials - SEC Filings," https://ir.savers.com/financials/sec-filings/default.aspx (last accessed Jan. 12, 2024).

company, SAVERS VALUE VILLAGE, INC., according to its SEC Form S-1 filing[2];

    (c)    According to their most recent "Statement of Information" forms filed with the California Secretary of State, TVI, INC. and SAVERS RECYCLING, INC. share the officers, including, but not limited to, Richard Medway, Mark Walsh, Scott Estes, and Jubran Tanious;

    (d)    On the Delaware Division of Corporations website (https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx) and on the California Secretary of State's website, SAVERS VALUE VILLAGE, INC.; TVI, INC.; and SAVERS RECYCLING, INC. share the same agent for service of process, CORPORATE CREATIONS NETWORK, INC.; and

    (e)    On information and belief, TVI, INC.; SAVERS RECYCLING, INC.; and SAVERS VALUE VILLAGE, INC. utilize the same standardized employment forms and issue the same employment policies.

## GENERAL ALLEGATIONS

20.    Defendants are a thrift-store retailer selling secondhand merchandise across the United States, Canada, and Australia, with 14 locations in California. Upon information and belief, Defendants maintain a single, centralized Human Resources ("HR") department at their company headquarters in Bellevue, Washington, which is responsible for the recruiting and hiring of new employees, and communicating and implementing Defendants' company-wide policies, including timekeeping policies and meal and/or rest period policies, to employees throughout California.

21.    In particular, Plaintiff and class members, on information and belief, received the same standardized documents and/or written policies. Upon information and belief, the usage of standardized documents and/or written policies, including new-hire documents, indicate that Defendants dictated policies at the corporate level and implemented them

---

[2] *Id.*

company-wide, regardless of their employees' assigned locations or positions.  Upon information and belief, Defendants set forth uniform policies and procedures in several documents provided at an employee's time of hire.

22.     Upon information and belief, Defendants maintain a centralized Payroll department at their company headquarters in Bellevue, Washington, which processes payroll for all non-exempt, hourly paid employees working for Defendants at their various locations in California, including Plaintiff and class members.  Based upon information and belief, Defendants issue the same formatted wage statements to all non-exempt, hourly paid employees in California, irrespective of their work locations.  Upon information and belief, Defendants process payroll for departing employees in the same manner throughout the State of California, regardless of the manner in which each employee's employment ends.

23.     Defendants continue to employ non-exempt or hourly paid employees in California.

24.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

25.     Plaintiff is informed and believes, and thereon alleges, that Plaintiff and class members were not paid for all hours worked because all hours worked were not recorded.

26.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

27.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for work that was required to be done off-the-clock.  In violation of the California Labor Code, Plaintiff and class members were not paid at least minimum wages for work done off-the-clock.

28.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and/or class members were entitled to meal periods in accordance with the California Labor Code and applicable IWC Wage Order or payment of one (1) additional hour of pay at their regular rates of pay when they were not provided with timely, uninterrupted, thirty (30) minute meal periods and that Plaintiff and/or class members were not provided with all meal periods or payment of one (1) additional hour of pay at their regular rates of pay when they did not receive a timely, uninterrupted, thirty (30) minute meal period.

29.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to rest periods in accordance with the California Labor Code and applicable IWC Wage Order or payment of one (1) additional hour of pay at their regular rates of pay when they were not authorized and permitted to take a compliant rest period and that Plaintiff and class members were not authorized and permitted to take compliant rest periods or provided payment of one (1) additional hour of pay at their regular rates of pay when they were not authorized and permitted to take a compliant rest period.

30.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive complete and accurate wage statements in accordance with California law.  In violation of the California Labor Code, Plaintiff and class members were not provided complete and accurate wage statements.

31.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that they had a duty to maintain accurate and complete payroll records in accordance with the California Labor Code and applicable IWC Wage Order, but willfully, knowingly, and intentionally failed to do so.

32.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to timely payment of all wages earned upon termination of employment.  In violation of the California Labor Code,

Plaintiff and class members did not receive payment of all wages due, including, but not limited to, overtime wages, minimum wages, and/or rest period premiums, within permissible time periods.

33.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to timely payment of wages during their employment.  In violation of the California Labor Code, Plaintiff and class members did not receive payment of all wages, including, but not limited to, overtime wages, minimum wages, and/or rest period premiums, within permissible time periods.

34.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that they were prohibited from issuing instruments for the payment of wages that were not payable in cash, on demand, without discount, and with authorization, but did so, in violation of the California Labor Code.

35.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to the portion of wages previously paid and subsequently unlawfully deducted by Defendants.

36.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to payment of wages as designated by statute.  In violation of the California Labor Code, Defendants secretly paid Plaintiff and class members lower wages than required by statute while purporting to pay them proper wages.

37.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment and that they did not receive full reimbursement of applicable business-related expenses and costs incurred.

38.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff and class members for all hours worked, and that Defendants had the financial ability

1   to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and

2   falsely represented to Plaintiff and class members that they were properly denied wages, all in

3   order to increase Defendants' profits.

4                               **PAGA REPRESENTATIVE ALLEGATIONS**

5          39.     At all times herein set forth, PAGA provides that any provision of law under

6   the Labor Code and applicable IWC Wage Order that provides for a civil penalty to be

7   assessed and collected by the Labor and Workforce Development Agency ("LWDA") for

8   violations of the California Labor Code and applicable IWC Wage Order may, as an

9   alternative, be recovered by aggrieved employees in a civil action brought on behalf of

10  themselves and other current or former employees pursuant to procedures outlined in

11  California Labor Code section 2699.3.

12         40.     PAGA defines an "aggrieved employee" in Labor Code section 2699(c) as "any

13  person who was employed by the alleged violator and against whom one or more of the

14  alleged violations was committed."

15         41.     Plaintiff and other current and former employees of Defendants are "aggrieved

16  employees" as defined by Labor Code section 2699(c) in that they are all Defendants' current

17  or former employees and each of the alleged violations were committed against them.

18         42.     Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved

19  employee, including Plaintiff, may pursue a civil action arising under PAGA after the

20  following requirements have been met:

21              (a)     The aggrieved employee or representative shall give written notice by

22                      online filing with the LWDA and by certified mail to the employer of

23                      the specific provisions of the California Labor Code alleged to have

24                      been violated, including the facts and theories to support the alleged

25                      violation.

26              (b)     An aggrieved employee's notice filed with the LWDA pursuant to

27                      2699.3(a) and any employer response to that notice shall be

28                      accompanied by a filing fee of seventy-five dollars ($75).

(c)    The LWDA shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation ("LWDA Notice") within sixty (60) calendar days of the postmark date of the aggrieved employee's notice.  Upon receipt of the LWDA Notice, or if no LWDA Notice is provided within sixty-five (65) calendar days of the postmark date of the aggrieved employee's notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties.

43.    Pursuant to California Labor Code sections 2699.3(c), aggrieved employees, through Plaintiff, may pursue a civil action arising under PAGA for violations of any provision other than those listed in Section 2699.5 after the following requirements have been met:

(a)    The aggrieved employee or representative shall give written notice by online filing with the LWDA and by certified mail to the employer of the specific provisions of the California Labor Code alleged to have been violated (other than those listed in Section 2699.5), including the facts and theories to support the alleged violation.

(b)    An aggrieved employee's notice filed with the LWDA pursuant to 2699.3(c) and any employer response to that notice shall be accompanied by a filing fee of seventy-five dollars ($75).

(c)    The employer may cure the alleged violation within thirty-three (33) calendar days of the postmark date of the notice sent by the aggrieved employee or representative.  The employer shall give written notice within that period of time by certified mail to the aggrieved employee or representative and by online filing with the LWDA if the alleged violation is cured, including a description of actions taken, and no civil action pursuant to Section 2699 may commence.  If the alleged violation is not cured within the 33-day period, the aggrieved employee may

1    commence a civil action pursuant to Section 2699.

2    44.    On May 2, 2024, Plaintiff provided written notice by online filing to the

3  LWDA and by Certified Mail to Defendants of the specific provisions of the California Labor

4  Code alleged to have been violated, including facts and theories to support the alleged

5  violations, in accordance with California Labor Code section 2699.3.  Plaintiff's written

6  notice was accompanied with the applicable filing fee of seventy-five dollars ($75).  The

7  LWDA PAGA Administrator confirmed receipt of Plaintiff's written notice and assigned

8  Plaintiff PAGA Case Number LWDA-CM-1025882-24.  A true and correct copy of Plaintiff's

9  written notice to the LWDA and Defendants is attached hereto as "Exhibit 1."

10    45.    As of the filing date of this complaint, over 65 days have passed since Plaintiff

11  sent the notice described above to the LWDA, and the LWDA has not responded that it

12  intends to investigate Plaintiff's claims and Defendants have not cured the violations.

13    46.    Thus, Plaintiff has satisfied the administrative prerequisites under California

14  Labor Code sections 2699.3(a) and 2699.3(c) to recover civil penalties against Defendants for

15  violations of California Labor Code sections 201, 202, 204, 212, 213, 221, 223, 224, 226(a),

16  226.7, 510, 512(a), 516, 1174(d), 1182.12, 1194, 1197, 1197.1, 1198, and 2802.

17    47.    Labor Code section 558(a) provides "[a]ny employer or other person acting on

18  behalf of an employer who violates, or causes to be violated, a section of this chapter or any

19  provision regulating hours and days of work in any order of the Industrial Welfare

20  Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty

21  dollars ($50) for each underpaid employee for each pay period for which the employee was

22  underpaid . . . .  (2) For each subsequent violation, one hundred dollars ($100) for each

23  underpaid employee for each pay period for which the employee was underpaid . . . ."  Labor

24  Code section 558(c) provides "[t]he civil penalties provided for in this section are in addition

25  to any other civil or criminal penalty provided by law."

26    48.    Defendants, at all times relevant to this complaint, were employers or persons

27  acting on behalf of an employer(s) who violated Plaintiff's and other aggrieved employees'

28  rights by violating various sections of the California Labor Code as set forth above.

49.     As set forth below, Defendants have violated numerous provisions of both the Labor Code sections regulating hours and days of work as well as the applicable IWC Wage Order.

50.     Pursuant to PAGA, and in particular, California Labor Code sections 2699(a), 2699.3(a), 2699.3(c), and 2699.5, and section 558, Plaintiff, acting in the public interest as a private attorney general, seeks assessment and collection of civil penalties for himself, all other aggrieved employees, and the State of California against Defendants for violations of California Labor Code sections 201, 202, 204, 212, 213, 221, 223, 224, 226(a), 226.7, 510, 512(a), 516, 1174(d), 1182.12, 1194, 1197, 1197.1, 1198, and 2802.

## CLASS ACTION ALLEGATIONS

51.     Plaintiff brings this action on his own behalf, as well as on behalf of each and all other persons similarly situated, and thus seeks class certification under Rule 23 of the Federal Rules of Civil Procedure.

52.     All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

53.     Plaintiff's proposed class consists of and is defined as follows:

> All persons who worked for Defendants as non-exempt, hourly paid employees in California, at any time from July 28, 2021, until the date of trial ("Class").

54.     Plaintiff's proposed subclass consists of and is defined as follows:

> All persons who worked for Defendants as non-exempt, hourly paid employees in California and who received at least one wage statement within one (1) year prior to the filing of the initial complaint until the date of trial ("Subclass").

55.     Members of the Class and Subclass are referred to herein as "class members."

56.     Plaintiff reserves the right to redefine the Class and Subclass and to add additional subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

57.     This action is brought and properly may be maintained as a class action pursuant to the provisions of Federal Rules of Civil Procedure 23(a)(1)-(4) and 23(b)(1),

(b)(2), or (b)(3) and satisfies the requirements thereof.

58.    According to Defendants' removal papers, there are at least 1,500 non-exempt, hourly paid employees who worked for Defendants across California during the relevant period. Thus, it is reasonable to presume that the members of the class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

59.    Plaintiff's claims are typical of those of the class members, because Plaintiff suffered the violations set forth in this First Amended Complaint.

60.    Plaintiff will adequately protect the interests of class members. Plaintiff has no interests that are adverse to or conflict with class members and is committed to the vigorous prosecution of this action. To that end, Plaintiff has retained counsel who is competent and experienced in handling class actions on behalf of employees.

61.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the amount suffered by individual class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this case as a class action.

62.    There are common questions of law and fact as to class members that predominate over questions affecting only individual members, including, but not limited to:

(a)    Whether Defendants required Plaintiff and class members to work over eight (8) hours per day, over twelve (12) hours per day, or over forty (40) hours per week and failed to pay all legally required overtime compensation to Plaintiff and class members;

(b)    Whether Defendants failed to pay Plaintiff and class members at least minimum wages for all hours worked;

(c)    Whether Defendants failed to authorize and permit Plaintiff and class members to take rest periods;

(d)     Whether Defendants provided Plaintiff and class members with complete and accurate wage statements as required by California Labor Code section 226(a);

(e)     Whether Defendants maintained accurate payroll records as required by California Labor Code section 1174(d);

(f)     Whether Defendants failed to pay earned overtime wages, minimum wages, and/or rest period premiums due to Plaintiff and class members upon their discharge;

(g)     Whether Defendants failed to timely pay overtime wages, minimum wages, and/or rest period premiums to Plaintiff and class members during their employment;

(h)     Whether Defendants issued instruments for the payment of wages that were not payable in cash, on demand, without discount, and with authorization, in violation of Labor Code sections 212 and 213;

(i)     Whether Defendants unlawfully deducted a portion of wages previously paid to Plaintiff and class members, in violation of California Labor Code sections 221 and 224;

(j)     Whether Defendants secretly paid Plaintiff and class members lower wages than required by statute while purporting to pay the proper wages, in violation of California Labor Code section 223;

(k)     Whether Defendants failed to reimburse Plaintiff and class members for necessary and required business-related expenditures and/or losses incurred by them in the scope of their employment;

(l)     Whether Defendants engaged in unlawful and unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*; and

(m)     The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

Page 14

**FIRST CAUSE OF ACTION**

**Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime**

**(Against all Defendants)**

63.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

64.     Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable IWC Wage Order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

65.     California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

66.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and class members working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time and one-half (1 ½) for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

67.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and class members working more than twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate of pay.  An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, including nondiscretionary bonuses and incentive pay.

68.     California Labor Code section 510 codifies the right to overtime compensation at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh (7th) day of work, and to overtime compensation at twice the employee's regular rate

of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh (7th) day of work.

69.    During the relevant time period, Defendants willfully failed to pay all overtime wages owed to Plaintiff and class members.  During the relevant time period, Plaintiff and class members were not paid overtime premiums for all of the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week, because all hours worked were not recorded.

70.    During the relevant time period, Defendants had, and continue to have, a company-wide policy and/or practice of discouraging and impeding Plaintiff and class members from recording hours worked that were outside of their scheduled shifts in order to limit the amount of overtime employees could accrue.  Because Defendants discouraged overtime accrual by, among other things, pressuring employees to clock out and continue working, along with Defendants' policies and/or practices of understaffing and assigning heavy workloads, Plaintiff and class members were required to work outside of their scheduled shifts without being compensated for the time they worked.  For example, when arriving at his scheduled shift start time (typically prior to when the retail store was open for business), Plaintiff would be required to wait for another employee to unlock the door and let him onto Defendants' premises.  Further, per Defendants' policy, Plaintiff and class members were required to enter the premises through the front of the store, resulting in employees having to walk through the entire retail section of the store before they arrived at the warehouse located in the back of the building and had the opportunity to clock in for their shifts.  As a result, Plaintiff and class members reported for their shifts prior to their scheduled start time to account for the time it would take them to be let onto the premises and walk to the warehouse, but were not paid for this time.  As a further example, at the direction of Defendants' supervisor, Plaintiff would clock out and continue working after the end of his scheduled shifts completing closing duties, such as sweeping, moving trash cans, and bringing dumpsters and traffic cones inside.  Thus, Defendants failed to track this time employees spent completing their duties, and Plaintiff and class members received no compensation for this

time.

71.    Defendants knew or should have known that, as a result of these company-wide practices and/or policies, Plaintiff and class members were performing their assigned duties off-the-clock before and after their shifts and were suffered or permitted to perform work for which they were not paid.  Because Plaintiff and class members worked shifts of eight (8) hours a day or more, or forty (40) hours a week or more, some of this off-the-clock work qualified for overtime premium pay.  Therefore, Plaintiff and class members were not paid overtime wages for all of the overtime hours they actually worked.

72.    Defendants' failure to pay Plaintiff and class members the balance of overtime compensation, as required by California law, violates the provisions of California Labor Code sections 510 and 1198.  Pursuant to California Labor Code section 1194, Plaintiff and class members are entitled to recover from Defendants their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

**SECOND CAUSE OF ACTION**

**Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198—Unpaid**

**Minimum Wages**

**(Against all Defendants)**

73.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

74.    At all relevant times, California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful.  Compensable work time is defined in IWC Wage Order No. 7-2001 as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."  Cal. Code Regs. Tit. 8, § 11070(2)(G) (defining "Hours Worked").

75.    As set forth above, as a result of Defendants' policy of limiting the amount of overtime employees could accrue, Defendants required Plaintiff and class members to perform

work off-the-clock before and after their scheduled shifts, such as waiting to be let onto Defendants' premises, walking through the retail part of the store to the warehouse in the back in order to clock in, and completing closing duties. However, Defendants failed to track all of this time Plaintiff and class members spent working off-the-clock, and thus, Plaintiff and class members received no compensation for this time.

76.    Thus, Defendants did not pay minimum wages for all hours worked by Plaintiff and class members. To the extent that these off-the-clock hours did not qualify for overtime premium payment, Defendants did not pay at least minimum wages for those hours worked off-the-clock in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198.

77.    As result, Defendants regularly failed to pay at least minimum wages to Plaintiff and class members for all of the hours they worked in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198. Pursuant to California Labor Code section 1194.2, Plaintiff and class members are entitled to recover from Defendants liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**THIRD CAUSE OF ACTION**

**Violation of California Labor Code §§ 226.7, 516, and 1198—Rest Period Violations**

**(Against all Defendants)**

78.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

79.    At all relevant times herein set forth, the applicable IWC Wage Order and California Labor Code sections 226.7, 516, and 1198 were applicable to Plaintiff's and class members' employment by Defendants.

80.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half

(3 ½) hours.

81.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.  To comply with its obligation to authorize and permit rest periods under California Labor Code section 226.7 and the applicable IWC Wage Order, an employer must "relinquish any control over how employees spend their break time, and relieve their employees of all duties—including the obligation that an employee remain on call.  A rest period, in short, must be a period of rest."  *Augustus v. ABM Security Services, Inc.*, 2 Cal. 5th 257, 273 (2016).  Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiff and class members are entitled to recover from Defendants one (1) additional hour of pay at their regular rates of pay for each work day that a required rest period was not authorized and permitted.

82.    During the relevant time period, Defendants regularly failed to authorize and permit Plaintiff and class members to take a ten (10) minute rest period per each four (4) hour period worked or major fraction thereof.  Defendants' company-wide policies and/or practices of understaffing and assigning heavy workloads resulted in a lack of rest period coverage and prevented Plaintiff and class members from being relieved of all duty to take rest periods.  Defendants also failed to adhere to a schedule for rest periods, which further led to Plaintiff and class members not being authorized and permitted to take rest periods.

83.    Moreover, upon information and belief, Defendants maintained a company-wide on-premises rest period policy, which effectively required that Plaintiff and/or class members remain on Defendants' premises during their rest periods.  Because Plaintiff and/or class members were restricted from leaving the premises during rest periods, they were denied the ability to use their rest periods freely for their own purposes, such as running personal errands.  Thus, Defendants effectively maintained control over Plaintiff and/or class members during rest periods.

84.    As a result of Defendants' practices and policies, Plaintiff and class members worked shifts in excess of 3.5 hours, in excess of 6 hours, and/or in excess of 10 hours without

receiving all uninterrupted 10-minute rest periods to which they were entitled.  For example, during his employment, Plaintiff had to forgo his rest periods due to the heavy workload. Whenever Plaintiff had an opportunity to take his rest periods, they were cut short due to the lack of coverage.

85.     Defendants have also engaged in a company-wide practice and/or policy of not paying rest period premiums owed when compliant rest periods are not authorized and permitted.  Because of this practice and/or policy, Plaintiff and class members have not received premium pay for all missed rest periods.  As a result, Defendants denied Plaintiff and class members rest periods and failed to pay them rest period premiums due, in violation of Labor Code sections 226.7 and 516, and the applicable IWC Wage Order.

86.     Defendants' conduct violates the applicable IWC Wage Order and California Labor Code sections 226.7, 516, and 1198.  Plaintiff and class members are therefore entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant rest period was not authorized and permitted.

**FOURTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 226(a), 1174(d), and 1198—Non-Compliant Wage**

**Statements and Failure to Maintain Accurate Payroll Records**

**(Against all Defendants)**

87.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

88.     At all relevant times herein set forth, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate and complete itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, the inclusive dates of the pay period, total hours worked, and all applicable rates of pay.

89.     At all relevant times, Defendants have knowingly and intentionally provided Plaintiff and Subclass members with uniform, incomplete, and inaccurate wage statements.

For example, Defendants issued uniform wage statements to Plaintiff and Subclass members that fail to correctly list: gross wages earned; total hours worked; net wages earned; and all applicable hourly rates in effect during the pay period, including rates of pay for overtime wages, and the corresponding number of hours worked at each hourly rate.  Specifically, Defendants violated sections 226(a)(1), 226(a)(2), 226(a)(5), and 226(a)(9).

90.    Because Defendants did not accurately record the time Plaintiff and Subclass members spent working off-the-clock, Defendants did not list the correct amount of gross wages and net wages earned by Plaintiff and Subclass members in compliance with sections 226(a)(1) and 226(a)(5).  For the same reason, Defendants failed to accurately list the total number of hours worked by Plaintiff and Subclass members in violation of section 226(a)(2), and failed to list the applicable hourly rates of pay in effect during the pay period and corresponding accurate number of work hours worked at each hourly rate in violation of section 226(a)(9).

91.    The wage statement deficiencies also include, without limitation, failing to list the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; failing to list all deductions; failing to list the inclusive dates of the period for which employees were paid; failing to list the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number; failing to list the name and address of the legal entity that is the employer; and/or failing to state all hours worked as a result of not recording or stating hours worked off-the-clock.

92.    California Labor Code section 1174(d) provides that "[e]very person employing labor in this state shall . . . [k]eep a record showing the names and addresses of all employees employed and the ages of all minors" and "[k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments . . . ."  At all relevant times, and in violation of Labor Code section 1174(d),

1  Defendants willfully failed to maintain accurate payroll records for Plaintiff and Subclass

2  members showing the daily hours they worked and the wages paid thereto as a result of failing

3  to record the off-the-clock hours that they worked.

4          93.     California Labor Code section 1198 provides that the maximum hours of work

5  and the standard conditions of labor shall be those fixed by the Labor Commissioner and as

6  set forth in the applicable IWC Wage Order.  Section 1198 further provides that "[t]he

7  employment of any employees for longer hours than those fixed by the order or under

8  conditions of labor prohibited by the order is unlawful."  Pursuant to the applicable IWC

9  Wage Order, employers are required to keep accurate time records showing when the

10 employee begins and ends each work period.  During the relevant time period, Defendants

11 engaged in company-wide practices and/or policies of failing to record actual hours worked,

12 in violation of section 1198.

13         94.     Plaintiff and Subclass members are entitled to recover from Defendants the

14 greater of their actual damages caused by Defendants' failure to comply with California Labor

15 Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per

16 employee.

17 **FIFTH CAUSE OF ACTION**

18 **Violation of California Labor Code §§ 201 and 202—Wages Not Timely Paid Upon**

19 **Termination**

20 **(Against all Defendants)**

21         95.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each

22 and every allegation set forth above.

23         96.     At all times relevant herein set forth, Labor Code sections 201 and 202 provide

24 that if an employer discharges an employee, the wages earned and unpaid at the time of

25 discharge are due and payable immediately, and that if an employee voluntarily leaves his or

26 her employment, his or her wages shall become due and payable not later than seventy-two

27 (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of

28 his or her intention to quit, in which case the employee is entitled to his or her wages at the

1    time of quitting.

2         97.    On information and belief, Defendants have a company-wide practice and/or

3    policy of paying departing employees their final wages late, instead of adhering to the time

4    requirements set forth in Labor Code sections 201 and 202.  For example, Defendants

5    terminated Plaintiff on or about May 9, 2023; however, Defendants did not provide Plaintiff

6    with his final wages until about one week later.  Thus, Defendants failed to pay Plaintiff his

7    final wages immediately, in violation of California Labor Code section 201.

8         98.    Additionally, Defendants willfully failed to pay Plaintiff and class members

9    who are no longer employed by Defendants the earned and unpaid wages set forth above,

10   including but not limited to, overtime wages, minimum wages, and/or rest period premiums,

11   either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants'

12   employ.

13        99.    Defendants' failure to pay Plaintiff and class members who are no longer

14   employed by Defendants their wages earned and unpaid at the time of discharge, or within

15   seventy-two (72) hours of their leaving Defendants' employ, violates Labor Code sections 201

16   and 202.  Plaintiff and class members are therefore entitled to recover from Defendants the

17   statutory penalty wages for each day they were not paid, at their regular rate of pay, up to a

18   thirty (30) day maximum pursuant to California Labor Code section 203.

19                          **SIXTH CAUSE OF ACTION**

20   **Violation of California Labor Code § 204—Failure to Timely Pay Wages During**

21                                **Employment**

22                        **(Against all Defendants)**

23        100.   Plaintiff incorporates by reference and re-alleges as if fully stated herein each

24   and every allegation set forth above.

25        101.   This cause of action is dependent upon, and wholly derivative of, the overtime

26   wages, minimum wages, and/or rest period premiums that were not timely paid to Plaintiff

27   and class members during their employment.

28        102.   At all times relevant herein set forth, Labor Code section 204 provides that all

wages earned by any person in any employment between the first (1st) and the fifteenth (15th) days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the sixteenth (16th) and the twenty-sixth (26th) day of the month during which the labor was performed.

103. At all times relevant herein, Labor Code section 204 provides that all wages earned by any person in any employment between the sixteenth (16th) and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the first (1st) and the tenth (10th) day of the following month.

104. At all times relevant herein, Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period. Alternatively, at all times relevant herein, Labor Code section 204 provides that the requirements of this section are deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period.

105. During the relevant time period, Defendants willfully failed to pay Plaintiff and class members all wages due including, but not limited to, overtime wages, minimum wages, and/or rest period premiums, within the time periods specified by California Labor Code section 204.

106. Defendants' failure to timely pay Plaintiff and class members all wages due violates Labor Code section 204. Plaintiff and class members are therefore entitled to recover from Defendants the statutory penalty wages pursuant to California Labor Code section 210.

### SEVENTH CAUSE OF ACTION

### Violation of California Labor Code § 2802—Unpaid Business-Related Expenses

### (Against all Defendants)

107. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

108. At all times herein set forth, California Labor Code section 2802 provides that

1   an employer must reimburse employees for all necessary expenditures and losses incurred by

2   the employee in the performance of his or her job.  The purpose of Labor Code section 2802 is

3   to prevent employers from passing off their cost of doing business and operating expenses on

4   to their employees.  *Cochran v. Schwan's Home Service, Inc.*, 228 Cal. App. 4th 1137, 1144

5   (2014).  The applicable wage order, IWC Wage Order No. 7-2001, provides that: "[w]hen

6   uniforms are required by the employer to be worn by the employee as a condition of

7   employment, such uniforms shall be provided and maintained by the employer."

8       109.    During the relevant time period, Defendants required Plaintiff and class

9   members to wear uniforms bearing the "Savers Donation Center" company logo, including

10   vests.  However, Defendants did not provide their employees with sufficient uniforms to wear

11   for their shifts throughout the week.  For example, Defendants only provided Plaintiff and

12   class members with one (1) vest at the time of hire.  Because Defendants failed to provide

13   Plaintiff and class members with an adequate number of uniform items in relation to their

14   scheduled shifts and for the tasks they were required to perform, Plaintiff and class members

15   had to wash their uniforms more frequently than they otherwise do laundry, and incur

16   expenses in doing so.  For example, due to the nature of warehouse work, Plaintiff's uniform

17   vest would become sweaty, soiled, and/or acquire an unpleasant odor such that he was unable

18   to mix it in with his other laundry.  As a result, Plaintiff had to wash his uniform separately

19   from his regular clothing, thus incurring additional laundry expenses for the upkeep of his

20   uniform.  Thus, Defendants failed to maintain the uniforms they required Plaintiff and class

21   members to wear during their shifts and forced them to incur the cost of maintaining employee

22   uniforms.

23       110.    Defendants could have provided Plaintiff and class members with an adequate

24   number of uniform items or access to laundering services; or Defendants could have

25   reimbursed employees for the costs of their laundering expenses or provided a uniform

26   maintenance allowance.  Instead, Defendants passed these operating costs off onto Plaintiff

27   and class members.

28       111.    Defendants' company-wide policy and/or practice of not reimbursing

employees for expenses necessarily incurred and passing on their operating costs to Plaintiff and class members violates California Labor Code section 2802. Defendants have intentionally and willfully failed to reimburse Plaintiff and class members for necessary business-related expenses and costs.

112. Plaintiff and class members are entitled to recover from Defendants their business-related expenses incurred during the course and scope of their employment, plus interest.

**EIGHTH CAUSE OF ACTION**

**For Civil Penalties Pursuant to California Labor Code §§ 2698,** *et seq.*

**(Against all Defendants)**

113. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

114. California Labor Code §§ 2698, *et seq.* ("PAGA") permits Plaintiff to recover civil penalties for the violation(s) of the Labor Code sections enumerated in Labor Code section 2699.5. Section 2699.5 enumerates Labor Code sections 201, 202, 204, 212, 213(d), 221, 223, 224, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, and 2802. Labor Code section 2699.3(c) permits aggrieved employees, including Plaintiff, to recover civil penalties for violations of those Labor Code sections not found in section 2699.5, including sections 516 and 1182.12.

115. Defendants' conduct, as alleged herein, violates numerous sections of the California Labor Code, including, but not limited to, the following:

        (a)     Violation of Labor Code sections 510 and 1198, and the applicable IWC Wage Order for Defendants' failure to compensate Plaintiff and other aggrieved employees with all required overtime pay, as alleged herein;

        (b)     Violation of Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198, and the applicable IWC Wage Order for Defendants' failure to compensate Plaintiff and other aggrieved employees with at least minimum wages for all hours worked, as alleged herein;

(c)     Violation of Labor Code sections 226.7, 512(a), 516, and 1198, and the applicable IWC Wage Order for Defendants' failure to provide other aggrieved employees with meal periods, as set forth below;

(d)     Violation of Labor Code sections 226.7, 516, and 1198, and the applicable IWC Wage Order for Defendants' failure to authorize and permit Plaintiff and other aggrieved employees to take rest periods, as alleged herein;

(e)     Violation of Labor Code sections 226(a) and 1198, and the applicable IWC Wage Order for failure to provide accurate and complete wage statements to Plaintiff and other aggrieved employees, as alleged herein;

(f)     Violation of Labor Code sections 1174(d) and 1198, and the applicable IWC Wage Order for failure to maintain payroll records, as alleged herein;

(g)     Violation of Labor Code sections 201 and 202 for failure to pay all earned wages upon termination, as alleged herein;

(h)     Violation of Labor Code section 204 for failure to pay all earned wages during employment, as alleged herein;

(i)     Violation of Labor Code sections 212 and 213 for issuing instruments for the payment of wages that were not payable in cash on demand, without discount, and with prior authorization, as set forth below;

(j)     Violation of Labor Code sections 221 and 224 for unlawfully deducting a portion of wages previously paid to Plaintiff and other aggrieved employees, as set forth below;

(k)     Violation of Labor Code section 223 for secretly paying Plaintiff and other aggrieved employees lower wages than required by statute, while purporting to pay the proper wages, as set forth below; and

(l)     Violation of Labor Code section 2802 for failure to reimburse Plaintiff and other aggrieved employees for all business expenses necessarily

1    incurred, as alleged herein.

2    116.   At all relevant times herein set forth, the applicable IWC Wage Order and

3    California Labor Code sections 226.7, 512(a), 516, and 1198 were applicable to other

4    aggrieved employees' employment by Defendants.

5    117.   At all relevant times herein set forth, California Labor Code section 512(a)

6    provides that an employer may not require, cause, or permit an employee to work for a period

7    of more than five (5) hours per day without providing the employee with a meal period of not

8    less than thirty (30) minutes, except that if the total work period per day of the employee is

9    not more than six (6) hours, the meal period may be waived by mutual consent of both the

10   employer and the employee.  Under California law, first meal periods must start after no more

11   than five hours.  *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1041-1042 (2012).

12   118.   At all relevant times herein set forth, California Labor Code sections 226.7,

13   512(a), 516, and 1198 provide that no employer shall require an employee to work during any

14   meal period mandated by an applicable order of the IWC.

15   119.   At all relevant times herein set forth, Labor Code sections 226.7, 512(a), and

16   1198, and the applicable IWC Wage Order also require employers to provide a second meal

17   period of not less than thirty (30) minutes if an employee works over ten (10) hours per day or

18   to pay an employee one (1) additional hour of pay at the employee's regular rate, except that if

19   the total hours worked is no more than twelve (12) hours, the second meal period may be

20   waived by mutual consent of the employer and the employee only if the first meal period was

21   not waived.

22   120.   During the relevant time period, Defendants had, and continue to have,

23   company-wide policies and/or practices of understaffing locations, which, combined with the

24   assignment of heavy workloads, resulted in a lack of adequate meal period coverage and

25   prevented other aggrieved employees from taking all timely, uninterrupted meal periods to

26   which they were entitled.  As a result, other aggrieved employees had to work through all or

27   part of their meal periods, had their meal periods interrupted, and/or had to wait extended

28   periods of time before taking meal periods.

121.    Further, Defendants' company-wide timekeeping system prevented other aggrieved employees from recording when their meal periods were shortened or interrupted, because the system locked out other aggrieved employees once they clocked out for a meal period, and would not permit them to clock back in from a meal period before 30 minutes had elapsed.  As a result of this policy, Defendants deducted meal periods from other aggrieved employees' time records even when meal periods were missed, short, interrupted, and/or late and thus systematically failed to correctly record meal periods.

122.    Additionally, Defendants did not provide other aggrieved employees with second 30-minute meal periods on days that they worked in excess of ten (10) hours in one day.  Other aggrieved employees did not sign valid meal period waivers on days that they were entitled to meal periods and were not relieved of all duties.

123.    At all times mentioned herein, Defendants knew or should have known that, as a result of these policies, other aggrieved employees were prevented from being relieved of all duties and required to perform some of their assigned duties during meal periods.  Defendants further knew or should have known that they did not pay other aggrieved employees meal period premiums when meal periods were late, interrupted, shortened, and/or missed.

124.    As a result, Defendants failed to provide other aggrieved employees compliant meal periods in violation of California Labor Code sections 226.7, 512(a), and 516 and failed to pay the full meal period premiums due.

125.    Other aggrieved employees are therefore entitled to recover civil penalties pursuant to Labor Code sections 558 and/or 2699(a), (f), and (g).

126.    At all relevant times herein set forth, California Labor Code section 212 prohibits employers from issuing any instruments for the payment of wages unless such instruments are negotiable and payable in cash on demand and without discount.  California Labor Code section 213 permits employers to pay employees via direct deposit so long as the employee authorizes payment via direct deposit.  Under California law, employers are also permitted to fulfill their wage payment obligations to employees by using payroll debit cards, but only under certain circumstances.  Employer use of payroll debit cards is permitted only

so long as the employee is given the choice as to whether to accept a payroll debit card as a form of payment.  *Johnson v. Sunrise Senior Living Management, Inc.*, No. 16 CV 00443 BRO RAOx, 2016 WL 8929249, *9 (C.D. Cal. May 5, 2016).  In *Johnson*, the court stated that the Division of Labor Standards Enforcement ("DLSE") decision deeming payroll debit card program permissible relied heavily on:

> . . . [T]he fact that the pay programs were optional, thereby allowing an employee to either participate in the program or receive his or her pay in some other way, such as direct deposit.  Specifically, the DLSE opined that "[t]he success of the described procedure, in practice, will of course require that . . . it is presented as an *alternative* method for wage payment for which [the employees'] participation is optional."  The DLSE also stated, "'[i]t is significant that the program does not mandate employee participation in the Money Network Service and that it is designed to provide an alternative for employees receiving their wage payment. Employees are also given the option of having their pay direct deposited into an account of their choosing . . . ."  (internal citations omitted).

127.    In addition, employers can only utilize payroll debit card programs if they provide employees with effective access to their wages without discount.  The DLSE has interpreted Labor Code sections 212 and 213 as permitting employer use of payroll debit cards where the following requirements are satisfied:

> . . . (1) [T]he "wages [are] payable at some established place of business in the state and there be at least 30 days of sufficient funds for payment,"; (2) the employees are "fully informed of the service and procedures and that it is represented as an alternative method for wage payment for which their participation is optional,"; (3) the employees receive "an itemized wage statement,"; and (4) "at least one transaction per pay period [is] without fee."

*Ortiz v. Randstad North America, L.P.*, No. C-13-5050 MMC, 2015 WL 6202298 at 3.

128.    Further, the DLSE notes that the Labor Code manifests:

> . . . [A] strong public policy that prohibits an employer (or its agent) from imposing conditions or obstacles which interfere with or prevent an employee's (sic) from promptly receiving their due wages in *full*.  The imposition of a fee in order to readily *access* one's earned and paid wages under a payroll card program which is designed to discharge the employer's wage payment obligations could impermissibly interfere with an employee's receipt of paid wages by creating a financial condition which would have the *effect* of reducing or discounting wages because such fee would be charged against the same account in which wages are deposited. (emphases in original)

1   *DLSE opinion letter* 2008.07.07.  The DLSE has also acknowledged that payroll service

2   providers "effectively act as agents of the client employers in discharging the employer's

3   wage payment obligations."  *Id.*  In a second opinion letter, the DLSE stated that "[w]hile the

4   Labor Code does not purport to regulate the specific arrangements between employers and

5   payroll service providers, both an employer and, under the express language in Labor Code

6   § 212- their *agent*, must comply with its requirements."  *DLSE opinion letter* 2008.07.07-2.

7       129.    During the relevant time period, Defendants had an agreement with a payroll

8   service provider for the issuance of payroll debit cards to employees, including Plaintiff and

9   other aggrieved employees, to discharge their final wage payment obligations to their

10  employees.  On information and belief, Defendants had a practice and/or policy of

11  automatically issuing payroll debit cards to departing employees without giving them the

12  option to elect their form of payment for their final wages.  For example, Plaintiff received his

13  final wages on a payroll debit card without a choice of an alternate method of payment, such

14  as a written check.  Instead, Defendants automatically enrolled Plaintiff in their payroll debit

15  card program for the purpose of issuing Plaintiff's final wages to him without prior, voluntary

16  approval from Plaintiff.

17      130.    Moreover, under Defendants' payroll debit card program, Plaintiff and other

18  aggrieved employees did not have easy access to the entirety of their wages without incurring

19  a fee.  Plaintiff and other aggrieved employees were unable to withdraw their entire wages in

20  at least one transaction without incurring a fee, which resulted in a discount in their pay.  For

21  example, Plaintiff was subjected to transaction fees and ATM fees when making purchases

22  and withdrawing his wages.  Thus, Defendants' payroll debit card program was, and continues

23  to be, unlawful as it did not give Plaintiff and other aggrieved employees access to their entire

24  wages without discount and without delay.

25      131.    California courts recognize a policy favoring the full and prompt payment of

26  wages to employees.  Defendants' payroll card program is inconsistent with this policy

27  because it presents a number of obstacles and hurdles that, together, make it difficult for

28  Plaintiff and other aggrieved employees to access their entire wages without discount and

without delay, in violation of California Labor Code sections 212 and 213.  Plaintiff and other

aggrieved employees are therefore entitled to recover civil penalties pursuant to Labor Code

sections 225.5 and/or 2699(a), (f), and (g).

132.    At all relevant times herein, California Labor Code section 221 provides that it

shall be unlawful for any employer to collect or receive from an employee any part of wages

theretofore paid by said employer to said employee.  California Labor Code section 224 also

provides in pertinent part that it is lawful to withhold a portion of the employee's wages if "a

deduction is expressly authorized in writing by the employee."

133.    During the relevant time period, Defendants unlawfully deducted a portion of

wages previously paid to Plaintiff and other aggrieved employees in violation of California

Labor Code section 221.  On information and belief, Defendants systematically, and on a

company-wide basis, provided Plaintiff and other aggrieved employees with payroll debit

cards as payment of their final wages.  Under Defendants' payroll debit card program,

Plaintiff and other aggrieved employees were assessed various fees in connection with their

use of the payroll debit cards.  For example, as described above, Plaintiff and other aggrieved

employees were required to pay transaction fees, ATM withdrawal fees, and/or other fees to

obtain and/or spend their earned and due wages.  The fees charged to Plaintiff and other

aggrieved employees resulted in a discount of their wages.

134.    Defendants' payroll debit card program, which resulted in a discount of wages

to employees, are tantamount to taking deductions from Plaintiff's and other aggrieved

employees' paychecks without their written authorization and therefore constitutes an

unlawful deduction of wages, in violation of Labor Code sections 221 and 224.  Plaintiff and

other aggrieved employees are therefore entitled to recover civil penalties pursuant to Labor

Code sections 225.5 and/or 2699(a), (f), and (g).

135.    At all relevant times herein, California Labor Code section 223 makes it

unlawful for an employer to secretly pay wages lower than required by statute while

purporting to pay legal wages.

136.    During the relevant time period, Defendants willfully and systematically issued

payroll debit cards to Plaintiff and other aggrieved employees that discounted their wages by charging various fees in connection with the use of the payroll debit cards. Defendants' payroll debit card program resulted in the payment of less than statutorily required wages to Plaintiff and other aggrieved employees. Thus, Defendants paid Plaintiff and other aggrieved employees lower wages than those they were entitled to while purporting that Plaintiff and other aggrieved employees were properly paid.

137. Defendants' failure to pay Plaintiff and other aggrieved employees the correct designated wages, while purporting to pay legal wages, is a violation of California Labor Code section 223. Plaintiff and other aggrieved employees are therefore entitled to recover civil penalties pursuant to Labor Code sections 225.5 and/or 2699(a), (f), and (g).

**NINTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200, *et seq.* –**

**Unlawful Business Practices**

**(Against all Defendants)**

138. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

139. Defendants are "persons" as defined by California Business & Professions Code section 17201, as they are corporations, firms, partnerships, joint stock companies, and/or associations.

140. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, class members, and to the general public. Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unlawful business practices. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

141. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq*.

142. A violation of California Business & Professions Code sections 17200, *et seq.*

may be predicated on the violation of any state or federal law.  In the instant case, Defendants' policies and practices have violated state law in at least the following respects:

      (a)     Requiring non-exempt, hourly paid employees, including Plaintiff and class members, to work overtime without paying them proper compensation in violation of California Labor Code sections 510 and 1198, and the applicable IWC Wage Order, as alleged herein;

      (b)     Failing to pay at least minimum wage to Plaintiff and class members in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198, and the applicable IWC Wage Order, as alleged herein;

      (c)     Failing to authorize and permit Plaintiff and class members to take all rest periods in violation of California Labor Code sections 226.7, 516, and 1198, and the applicable IWC Wage Order, as alleged herein;

      (d)     Failing to provide Plaintiff and class members with accurate wage statements and failing to maintain accurate payroll records in violation of California Labor Code sections 226(a), 1174(d), and 1198, and the applicable IWC Wage Order, as alleged herein;

      (e)     Failing to timely pay all earned wages to Plaintiff and class members in violation of California Labor Code section 204, as alleged herein;

      (f)     Issuing instruments to Plaintiff and class members for the payment of wages that were not payable in cash, on demand, without discount, and with authorization, in violation of California Labor Code sections 212 and 213, as set forth below;

      (g)     Collecting or receiving wages already paid from Plaintiff and class members in violation of California Labor Code sections 221 and 224, as set forth below;

      (h)     Failing to pay the statutorily designated wage scale in violation of California Labor Code section 223, as set forth below; and

1      (i)      Failing to reimburse Plaintiff and class members for all business

2               expenses necessarily incurred in violation of California Labor Code

3               section 2802, as alleged herein.

4      143.    At all times relevant herein, California Labor Code section 212 prohibits

5    employers from issuing any instruments for the payment of wages unless such instruments are

6    negotiable and payable in cash, on demand, and without discount.  California Labor Code

7    section 213 permits employers to pay employees via direct deposit so long as the employee

8    authorizes payment via direct deposit.

9      144.    Under California law, employers are permitted to fulfill their wage payment

10   obligations to employees by using payroll debit cards, but only so long as the employee is

11   given the choice as to whether to accept a payroll debit card as a form of payment.  *Johnson v.*

12   *Sunrise Senior Living Management, Inc.*, No. 16 CV 00443 BRO RAOx, 2016 WL 8929249,

13   *9 (C.D. Cal. May 5, 2016).  In *Johnson*, the court stated that the Division of Labor Standards

14   Enforcement ("DLSE") decision deeming payroll debit card program permissible relied

15   heavily on:

16            . . . [T]he fact that the pay programs were optional, thereby
17            allowing an employee to either participate in the program or
              receive his or her pay in some other way, such as direct deposit.
18            Specifically, the DLSE opined that "[t]he success of the described
              procedure, in practice, will of course require that . . . it is
19            presented as an *alternative* method for wage payment for which
              [the employees'] participation is optional."  The DLSE also stated,
20            "[i]t is significant that the program does not mandate employee
              participation in the Money Network Service and that it is designed
21            to provide an alternative for employees receiving their wage
              payment.  Employees are also given the option of having their pay
22            direct deposited into an account of their choosing . . . ."  (internal
              citations omitted).

23     145.    In addition, California law only permits employers to utilize payroll debit card

24   programs if they provide employees with effective access to their wages without discount.

25   The DLSE has interpreted Labor Code sections 212 and 213 as permitting employer use of

26   payroll debit cards where the following requirements are satisfied:

27            . . . (1) [T]he "wages [are] payable at some established place of
              business in the state and there be at least 30 days of sufficient
28            funds for payment,"; (2) the employees are "fully informed of the

service and procedures and that it is represented as an alternative method for wage payment for which their participation is optional,"; (3) the employees receive "an itemized wage statement,"; and (4) "at least one transaction per pay period [is] without fee."

*Ortiz v. Randstad North America, L.P.*, No. C-13-5050 MMC, 2015 WL 6202298 at 3.

146.    Further, the DLSE notes that the Labor Code manifests:

> . . . [A] strong public policy that prohibits an employer (or its agent) from imposing conditions or obstacles which interfere with or prevent an employee's *(sic)* from promptly receiving their due wages *in full*. The imposition of a fee in order to readily *access* one's earned and paid wage under a payroll card program which is designed to discharge the employer's wage payment obligations could impermissibly interfere with an employee's receipt of page wages by creating a financial condition which would have the *effect* of reducing or discounting wages because such fee would be charged against the same account in which wages are deposited." (Emphases in original)

*DLSE opinion letter* 2008.07.07.  The DLSE has also acknowledged that payroll service providers "effectively act as *agents* of the client employers in discharging the employer's wage payment obligations."  *Id.*  In a second opinion letter, the DLSE stated that "[w]hile the Labor Code does not purport to regulate the specific arrangements between employers and payroll service providers, both an employer and, under the express language in Labor Code § 212- their *agent,* must comply with its requirements."  *DLSE opinion letter* 2008.07.07-2.

147.    During the relevant time period, Defendants had an agreement with a payroll service provider for the issuance of payroll debit cards to employees, including Plaintiff and class members, to discharge their final wage payment obligations to their employees.  On information and belief, Defendants had a practice and/or policy of automatically issuing payroll debit cards to departing employees without giving them the option to elect their form of payment for their final wages.  For example, Plaintiff received his final wages on a payroll debit card without a choice of an alternate method of payment, such as a written check.  Instead, Defendants automatically enrolled Plaintiff in their payroll debit card program for the purpose of issuing Plaintiff's final wages to him without prior, voluntary approval from Plaintiff.

148.    Moreover, under Defendants' payroll debit card program, Plaintiff and class

1 members did not have easy access to the entirety of their wages without incurring a fee.

2 Plaintiff and class members were unable to withdraw their entire wages in at least one

3 transaction without incurring a fee, which resulted in a discount in their pay.  For example,

4 Plaintiff was subjected to transaction fees and ATM fees when making purchases and

5 withdrawing his wages.  Thus, Defendants' payroll debit card program was and continues to

6 be unlawful as it did not give Plaintiff and class members access to their entire wages without

7 discount and without delay.

8        149.    California courts recognize a policy favoring the full and prompt payment of

9 wages to employees.  Defendants' payroll card program is inconsistent with this policy

10 because Defendants' program is involuntary and presents a number of obstacles and hurdles

11 that, together, make it difficult for Plaintiff and class members to access their entire wages

12 without discount and without delay.  Thus, Defendants' company-wide payroll debit card

13 program violates California Labor Code sections 212 and 213.

14       150.    At all times relevant herein, California Labor Code section 221 provides that it

15 shall be unlawful for any employer to collect or receive from an employee any part of wages

16 theretofore paid by said employer to said employee.  California Labor Code section 224 also

17 provides in pertinent part that it is lawful to withhold a portion of the employee's wages if "a

18 deduction is expressly authorized in writing by the employee."

19       151.    During the relevant time period, Defendants unlawfully deducted a portion of

20 wages previously paid to Plaintiff and class members in violation of California Labor Code

21 section 221.  On information and belief, Defendants systematically, and on a company-wide

22 basis, provided Plaintiff and class members with payroll debit cards as payment of their final

23 wages.  Under Defendants' payroll debit card program, Plaintiff and class members were

24 assessed various fees in connection with their use of the payroll debit cards.  For example, as

25 described above, Plaintiff and class members were required to pay transaction fees, ATM fees,

26 and/or other fees to obtain and/or spend their earned and due wages.  The fees charged to

27 Plaintiff and class members resulted in a discount of their wages.

28       152.    Defendants' practice, which resulted in a discount of wages to employees, is

1   tantamount to taking deductions from Plaintiff's and class members' paychecks without their

2   written authorization and therefore constitutes an unlawful deduction of wages, in violation of

3   California Labor Code sections 221 and 224.

4       153.   At all times, California Labor Code section 223 makes it unlawful for an

5   employer to secretly pay wages lower than required by statute while purporting to pay legal

6   wages.

7       154.   During the relevant time period, Defendants willfully and systematically issued

8   payroll debit cards to Plaintiff and class members that discounted their wages by charging

9   various fees in connection with the use of the payroll debit cards.  Defendants' payroll debit

10  card program resulted in the payment of less than statutorily required wages to Plaintiff and

11  class members.  Thus, Defendants paid Plaintiff and class members lower wages than those

12  they were entitled to while purporting that Plaintiff and class members were properly paid.

13      155.   Defendants' failure to pay Plaintiff and class members the correct designated

14  wage, while purporting to pay legal wages, is a violation of California Labor Code section

15  223.

16      156.   As a result of the violations of California law herein described, Defendants

17  unlawfully gained an unfair advantage over other businesses.  Plaintiff and class members

18  have suffered pecuniary loss by Defendants' unlawful business acts and practices alleged

19  herein.

20      157.   Pursuant to California Business & Professions Code sections 17200, *et seq.*,

21  Plaintiff and class members are entitled to restitution of the wages withheld and retained by

22  Defendants during a period that commences four years prior to the filing of the initial

23  complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to

24  Plaintiff and class members; and an award of attorneys' fees pursuant to California Code of

25  Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

26  //

27  //

28  //

**TENTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200,** *et seq.* **–**

**Unfair Business Practices**

**(Against all Defendants)**

158.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

159.    Defendants are "persons" as defined by California Business & Professions Code section 17201, as they are corporations, firms, partnerships, joint stock companies, and/or associations.

160.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, and harmful to Plaintiff, class members, and to the general public.  Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unfair business practices.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

161.    Defendants' activities, namely Defendants' company-wide practice and/or policy of not paying Plaintiff and class members all rest period premiums due to them under California Labor Code section 226.7, deprived Plaintiff and class members of the compensation guarantee and enhanced enforcement implemented by section 226.7.  The statutory remedy provided by section 226.7 is a "'dual-purpose' remedy intended primarily to compensate employees, and secondarily to shape employer conduct." *Safeway, Inc. v. Superior Court*, 238 Cal. App. 4th 1138, 1149 (2015).  The statutory benefits of section 226.7 were guaranteed to Plaintiff and class members as part of their employment with Defendants, and thus Defendants' practice and/or policy of denying these statutory benefits constitutes an unfair business practice in violation of California Business & Professions Code sections 17200, *et seq.*  (*Id.*)

162.    A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on any unfair business practice.  In the instant case, Defendants' policies and practices have violated the spirit of California's rest period laws and constitute acts

1    against the public policy behind these laws.

2        163.    Pursuant to California Business & Professions Code sections 17200, *et seq.*,

3    Plaintiff and class members are entitled to restitution for the class-wide loss of the statutory

4    benefits implemented by section 226.7 withheld and retained by Defendants during a period

5    that commences four years prior to the filing of the initial complaint; a permanent injunction

6    requiring Defendants to pay all statutory benefits implemented by section 226.7 due to

7    Plaintiff and class members; an award of attorneys' fees pursuant to California Code of Civil

8    Procedure section 1021.5 and other applicable laws; and an award of costs.

9                              **REQUEST FOR JURY TRIAL**

10       Plaintiff requests a trial by jury.

11                              **PRAYER FOR RELIEF**

12       Plaintiff, on behalf of all others similarly situated, prays for relief and judgment

13   against Defendants, jointly and severally, as follows:

14       1.    For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in

15   excess of twenty-five thousand dollars ($25,000), exclusive of interest and costs.  Plaintiff

16   reserves the right to amend his prayer for relief to seek a different amount.

17                              **Class Certification**

18       2.    That this case be certified as a class action;

19       3.    That Plaintiff be appointed as the representative of the Class and Subclass;

20       4.    That counsel for Plaintiff be appointed as class counsel.

21                         **As to the First Cause of Action**

22       5.    That the Court declare, adjudge, and decree that Defendants violated California

23   Labor Code sections 510 and 1198 and the applicable IWC Wage Order by willfully failing to

24   pay all overtime wages due to Plaintiff and class members;

25       6.    For general unpaid wages at overtime wage rates and such general and special

26   damages as may be appropriate;

27       7.    For pre-judgment interest on any unpaid overtime compensation commencing

28   from the date such amounts were due, or as otherwise provided by law;

8.      For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

9.      For such other and further relief as the Court may deem equitable and appropriate.

**As to the Second Cause of Action**

10.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 and the applicable IWC Wage Order by willfully failing to pay minimum wages to Plaintiff and class members;

11.     For general unpaid wages and such general and special damages as may be appropriate;

12.     For pre-judgment interest on any unpaid compensation from the date such amounts were due, or as otherwise provided by law;

13.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a);

14.     For liquidated damages pursuant to California Labor Code section 1194.2; and

15.     For such other and further relief as the Court may deem equitable and appropriate.

**As to the Third Cause of Action**

16.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7, 516, and 1198 and the applicable IWC Wage Order by willfully failing to authorize and permit Plaintiff and class members to take all rest periods;

17.     That the Court make an award to the Plaintiff and class members of one (l) hour of pay at each employee's regular rate of pay for each workday that a rest period was not authorized and permitted;

18.     For all actual, consequential, and incidental losses and damages, according to proof;

19.     For premiums pursuant to California Labor Code section 226.7(c);

20.     For pre-judgment interest on any unpaid rest period premiums from the date

1  such amounts were due, or as otherwise provided by law;

2      21.    For attorneys' fees pursuant to California Code of Civil Procedure section

3  1021.5, or as otherwise provided by law; and

4      22.    For such other and further relief as the Court may deem equitable and

5  appropriate.

6                          **As to the Fourth Cause of Action**

7      23.    That the Court declare, adjudge and decree that Defendants violated the

8  recordkeeping provisions of California Labor Code section 226(a) and the applicable IWC

9  Wage Order as to Plaintiff and Subclass members, and willfully failed to provide accurate

10  itemized wage statements thereto;

11      24.    For all actual, consequential, and incidental losses and damages, according to

12  proof;

13      25.    For injunctive relief pursuant to California Labor Code section 226(h);

14      26.    For statutory penalties pursuant to California Labor Code section 226(e);

15      27.    For attorneys' fees and costs pursuant to California Labor Code section

16  226(e)(1); and

17      28.    For such other and further relief as the Court may deem equitable and

18  appropriate.

19                          **As to the Fifth Cause of Action**

20      29.    That the Court declare, adjudge and decree that Defendants violated California

21  Labor Code sections 201 and 202 by willfully failing to pay overtime wages, minimum wages,

22  and/or rest period premiums owed at the time of termination of the employment of Plaintiff

23  and other terminated class members;

24      30.    For all actual, consequential and incidental losses and damages, according to

25  proof;

26      31.    For waiting time penalties according to proof pursuant to California Labor

27  Code section 203 for all employees who have left Defendants' employ;

28      32.    For pre-judgment interest on any unpaid wages from the date such amounts

1  were due, or as otherwise provided by law;

2      33.    For attorneys' fees pursuant to California Code of Civil Procedure section

3  1021.5, or as otherwise provided by law; and

4      34.    For such other and further relief as the Court may deem equitable and

5  appropriate.

6                          **As to the Sixth Cause of Action**

7      35.    That the Court declare, adjudge and decree that Defendants violated California

8  Labor Code section 204 by willfully failing to timely pay Plaintiff and class members

9  overtime wages, minimum wages, and/or rest period premiums during their employment;

10     36.    For all actual, consequential and incidental losses and damages, according to

11  proof;

12     37.    For statutory penalties according to proof pursuant to California Labor Code

13  section 210;

14     38.    For pre-judgment interest on any unpaid wages from the date such amounts

15  were due, or as otherwise provided by law;

16     39.    For attorneys' fees pursuant to California Code of Civil Procedure section

17  1021.5, or as otherwise provided by law; and

18     40.    For such other and further relief as the Court may deem equitable and

19  appropriate.

20                          **As to the Seventh Cause of Action**

21     41.    That the Court declare, adjudge and decree that Defendants violated California

22  Labor Code section 2802 by willfully failing to reimburse and/or indemnify all business-

23  related expenses and costs incurred by Plaintiff and class members;

24     42.    For unpaid business-related expenses and such general and special damages as

25  may be appropriate;

26     43.    For pre-judgment interest on any unpaid business-related expenses from the

27  date such amounts were due, or as otherwise provided by law;

28     44.    For all actual, consequential, and incidental losses and damages, according to

1    proof;

2        45.    For attorneys' fees and costs pursuant to California Labor Code section

3    2802(c), or as otherwise provided by law; and

4        46.    For such other and further relief as the Court may deem equitable and

5    appropriate.

6                        **As to the Eighth Cause of Action**

7        47.    That the Court declare, adjudge and decree that Defendants violated the

8    following California Labor Code provisions as to Plaintiff and/or other aggrieved employees:

9    510 and 1198 (by failing to pay all overtime compensation); 1182.12, 1194, 1197, 1197.1, and

10   1198 (by failing to pay at least minimum wages for all hours worked); 226.7, 512(a), 516, and

11   1198 (by failing to provide all meal periods); 226.7, 516, and 1198 (by failing to authorize and

12   permit all rest periods); 226(a), 1174(d), and 1198 (by failing to provide accurate wage

13   statements and maintain accurate payroll records); 201 and 202 (by failing to timely pay all

14   earned wages upon termination); 204 (by failing to timely pay all earned wages during

15   employment); 212 and 213 (by failing to make earned wages accessible upon demand and

16   without discount); 221 and 224 (by collecting and/or receiving wages already paid); 223 (by

17   secretly paying wages lower than required by statute); and 2802 (by failing to reimburse

18   business expenses);

19       48.    For civil penalties pursuant to the California Labor Code, including sections

20   210, 226.3, 256, 558, 1174.5, 2699(a), (f), and (g), for violations of California Labor Code

21   sections 201, 202, 204, 212, 213, 221, 223, 224, 226(a), 226.7, 510, 512(a), 516, 1174(d),

22   1182.12, 1194, 1197, 1197.1, 1198, and 2802;

23       49.    For attorneys' fees and costs pursuant to California Labor Code section

24   2699(g)(1), and any and all other relevant statutes, for Defendants' violations of California

25   Labor Code sections 201, 202, 204, 212, 213, 221, 223, 224, 226(a), 226.7, 510, 512(a), 516,

26   1174(d), 1182.12, 1194, 1197, 1197.1, 1198, and 2802;

27       50.    For pre-judgment and post-judgment interest as provided by law; and

28       51.    For such other and further relief as the Court may deem equitable and

appropriate.

**As to the Ninth Cause of Action**

52.    That the Court declare, adjudge and decree that Defendants' conduct of failing to provide Plaintiff and class members all overtime wages due to them, failing to provide Plaintiff and class members all minimum wages due to them, failing to authorize and permit Plaintiff and class members to take all rest periods, failing to provide Plaintiff and class members accurate and complete wage statements, failing to maintain accurate payroll records for Plaintiff and class members, failing to timely pay Plaintiff and class members all earned wages during employment, failing to provide access to wages upon demand and without discount, unlawfully deducting a portion of wages previously paid, secretly paying a lower wage, and failing to reimburse Plaintiff and class members for business-related expenses, constitutes an unlawful business practice in violation of California Business and Professions Code sections 17200, *et seq.*;

53.    For restitution of unpaid wages to Plaintiff and all class members and prejudgment interest from the day such amounts were due and payable;

54.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200, *et seq.*;

55.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

56.    For such other and further relief as the Court may deem equitable and appropriate.

**As to the Tenth Cause of Action**

57.    That the Court declare, adjudge and decree that Defendants' conduct of denying Plaintiff and class members the statutory benefits guaranteed under California Labor Code section 226.7 constitutes an unfair business practice in violation of California Business and Professions Code sections 17200, *et seq.*;

1     58.     For restitution of the statutory benefits under California Labor Code section 226.7 unfairly withheld from Plaintiff and class members and prejudgment interest from the day such amounts were due and payable;

59.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200, *et seq.*;

60.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

61.     For pre-judgment and post-judgment interest as provided by law; and

62.     For such other and further relief as the Court may deem equitable and appropriate.

Dated: January 15, 2025          Respectfully submitted,

Capstone Law APC

By: _Roxanna Tabatabaeepour_
     Roxanna Tabatabaeepour
     Ryan Tish
     Alexander Wallin

     Attorneys for Plaintiff Jose Villanueva

FIRST AMENDED CLASS ACTION COMPLAINT